IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUIS MONICA, et al.          :     CIVIL ACTION
                              :
            v.                :
                              :
ACCURATE LIFT TRUCK           :     NO. 10-730

MEMORANDUM

McLaughlin, J.                                April 20, 2010

      The plaintiffs move to remand this case to state court on the ground that the pleadings fail to provide the information necessary to establish diversity jurisdiction. In response, the defendant moves to amend the notice of removal to cure the defective jurisdictional allegations. The Court denies the plaintiffs' motion and grants the defendant's motion.

      Louis and Regina Monica allege that Mr. Monica was injured at his place of business while operating a forklift. The plaintiffs allege that the defendant had an agreement with Mr. Monica's employer to maintain and service the forklift.

      In their motion to remand, the plaintiffs argue that the pleadings insufficiently establish the citizenship or domicile of the plaintiffs. No pleading explicitly states that the plaintiffs are citizens of Pennsylvania or domiciled in Pennsylvania. The complaint states that the plaintiffs are

Pennsylvania residents. The notice of removal states that the plaintiffs' principal place of residence is in Pennsylvania.

The plaintiffs also argue that the defendant insufficiently pled the citizenship of the defendant corporation. In the answer, the defendant affirms the complaint's statement that the defendant's principal place of business is in Pennsylvania.[1] In the notice of removal, the defendant states that it maintains "a" principal place of business in New Jersey, not that New Jersey is its principal place of business.

In response to the plaintiffs' motion, the defendant filed its motion to amend the notice of removal, both to establish that New Jersey is its principal place of business and to state that the plaintiffs are citizens of Pennsylvania. The plaintiffs oppose the defendant's motion to amend, arguing that the defendant's failure to properly plead the location of its principal place of business in either the answer or the notice of removal presents an incurable defect.[2] The plaintiffs also argue that Pennsylvania is the defendant's principal place of business.

Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated

---

[1] The defendant amended its answer to deny that its principal place of business is in Pennsylvania on March 10, 2010, after the plaintiffs had filed the motion to remand.

[2] In their response, the plaintiffs do not appear to object to the defendant's amending the notice of removal to state that they are Pennsylvania citizens.

and of the state where it has its principal place of business. The United States Court of Appeals for the Third Circuit has held that a party has not properly pled jurisdiction if it pleads that it has "a" principal place of business in a foreign state, rather than pleading that "its" principal place of business is in a foreign state. J & R Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259, 1265 n.3 (3d Cir. 1994). A party, however, may correct this jurisdictional defect by submitting supporting material to show that its principal place of business was in a foreign state at the time the complaint was filed. Id.[3]

Because the jurisdictional defect in the notice of removal may be cured, the Courts decision turns on whether the defendant has submitted materials supporting its assertion that its principal place of business is in New Jersey.

The United States Supreme Court recently held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (U.S. 2010). The Supreme Court approved of the lower federal courts' use of the metaphorical phrase "nerve center" to describe the principal place of business and stated

---

[3] The plaintiffs argue that J & R is distinguishable from this case because the plaintiff in J & R did not contest diversity. The plaintiffs, however, do not explain how the fact that jurisdiction has been contested alters the J & R analysis.

that "the 'nerve center' will typically be found at a corporation's headquarters." Id.

The burden of persuasion for establishing diversity jurisdiction falls on the party asserting it. When jurisdiction is challenged, the party asserting jurisdiction must support its allegations with competent proof. Id. at 1194-95.

In support of its assertion that its principal place of business is in New Jersey, the defendant has submitted the affidavit of Gary Christiansen, Vice President of Accurate Lift Truck. In the affidavit, Mr. Christiansen states that, for all times relevant, the New Jersey office has been Accurate's principal place of business. Affidavit of Gary Christiansen at ¶ 9, attached as Ex. B to Defendant's Motion for Leave to File an Amended Notice of Removal. Mr. Christiansen states that the defendant's corporate headquarters is in New Jersey; all of the defendant's executives and officers, with the exception of one, are located in the New Jersey office; and the defendant's core executive and administrative functions are carried out from the New Jersey office. Id. at ¶¶ 4, 6, 8.

In support of their argument that the defendant's principal place of business is in Pennsylvania, the plaintiffs submitted pages from the defendant's website listing the number of employees, the annual revenue, and location of each of the defendant's offices. They argue that, from this data, it is

clear that the bulk of the defendant's business activities are conducted in Pennsylvania. In Hertz, however, the Supreme Court rejected the "business activities" test for determining a corporation's principal place of business. 130 S.Ct. at 1192-93. At the Rule 16 conference, the Court granted the plaintiffs one week to inform the Court whether it wished to conduct further discovery on the issue of the defendant's principal place of business. The plaintiffs did not request such discovery.

Based upon Mr. Christiansen's affidavit, the "nerve center" of Accurate Lift Truck is in New Jersey. According to the standard articulated by the Supreme Court in Hertz, therefore, the defendant is a citizen of New Jersey.

Pursuant to 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended.[4] The United States Court of Appeals for the Third Circuit has stated that "[s]ection 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (F.3d 2003). Because the defendant seeks to remedy only inadequate jurisdictional allegations made in the notice of removal, the

---

[4] A notice of removal may be amended for any reason without leave of court within the 30 day period for removal. 28 U.S.C. § 1446(b). Because the 30 day period for removal expired before the defendant filed its motion to amend, however, the defendant may amend the notice of removal only with the Court's leave.

Court grants leave for the defendant to amend its notice of removal pursuant to 28 U.S.C. § 1653.

An appropriate order follows separately.